cause of the death of the deceased, but that it was due to the intervening cause of peritonitis, is not deemed sound. We find in the record no evidence supporting the view mentioned. See Spicer v. State, 115 Tex. Cr. R. 110, 28 S.W.(2d) 810; Perrett v. State, 75 Tex. Cr. R. 94, 170 S. W. 316; Lee v. State, 67 Tex. Cr. R. 137, 148 S. W. 706; Manley v. State, 69 Tex. Cr. R. 502, 154 S. W. 1008; Corpus Juris, Vol. 4, pages 1092–1099, §§ 3075–3078; also Spicer v. State (Tex. Cr. App.) 46 S.W.(2d) 685, not yet reported [in State report].

For the same reason, the refusal of a charge on circumstantial evidence was properly denied.

■ There was no impropriety in submitting to the jury the question of the sanity of the deceased and his consciousness of approaching death at the time he made the dying declaration. See Stroud v. State, 113 Tex. Cr. R. 621, 24 S.W.(2d) 52.

■ The omission from the charge of an instruction on the law of defense of property is deemed correct. It is thought that the evidence raises no issue requiring an instruction to the jury covering the appellant's right to defend against an injury to his person less than intent to kill.

The criticisms of the procedure, particularly the charge of the court, are numerous. They have been examined and discussed so far as deemed necessary to the disposition of the appeal. Without assuming to assert that the parts of the charge not discussed were accurate in all respects, we will state that we have failed to perceive any reversible errors save such as are hereinabove pointed out.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed, and the cause remanded.

## HOLLIDAY v. STATE.

No. 15074.

Court of Criminal Appeals of Texas.

Feb. 17, 1932.

David O'Fiel, of Beaumont, and R. G. Allen, of Goose Creek, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### CALHOUN, J.

The offense, theft of chickens; the punishment, one year in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

## DICKERSON v. STATE.

No. 15090.

Court of Criminal Appeals of Texas.

Feb. 17, 1932.

R. C. Winters, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### CHRISTIAN, J.

The offense is burglary; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.